## IN THE COURT OF COMMON PLEAS
## CIVIL DIVISION
## SUMMIT COUNTY, OHIO

| | |
|---|---|
| **Lafawn Anthony**<br>**414 TURNER DR**<br>**AKRON, OH 44301,**<br><br>        **Plaintiff,**<br><br>-v-<br><br>**City of Akron**<br>**Office of the Law Director**<br>**172 S. Broadway, Suite 200**<br>**Akron, OH 44308,**<br><br>     and<br><br>**Akron Police Department**<br>**217 S High St.,**<br>**Akron, OH  44308,**<br><br>     and<br><br>**Brian Harding**<br>**Chief of Police**<br>**Akron Police Department**<br>**217 S High St.,**<br>**Akron, OH  44308,**<br><br>     and<br><br>**Various Unknown**<br>**Law Enforcement Officers of the**<br>**Akron Police Department**<br><br>     and<br><br>**Joseph Mittica**<br>**Magistrate Judge**<br>**Akron Municipal Court**<br><br>        **Defendants.** | **CASE NO.**<br><br>**JUDGE:**<br><br><br><br><br><br><br><br><br><br><br><br>**COMPLAINT AND**<br>**(1)**<br>**IN REPLEVIN**<br>**(2)**<br>**FOR THE RETURN OF**<br>**ILLEGALLY SEIZED PROPERTY**<br>**(3)**<br>**FOR PERSONAL DAMAGES AND**<br>**FOR THE VIOLATIONS GENERATED**<br>**(FOR IN ITS WAKE)**<br>**THAT TRAVERSED HER**<br>**CONSTITUTIONAL RIGHTS AND**<br>**(4)**<br>**FOR ATTORNEY FEES** |

1

## INTRODUCTION

Plaintiff, LaFawn Anthony, at all times relevant here was a resident of Akron, Ohio. And, was so residing, at **all** times relevant hereto. She alleges the events related herein all occurred in this City and that she was victimized thereby. This despite **Rule 12(c)(3), Ohio Rules of Criminal Procedure** and **State v. Jacobs, 137 Ohio St. 36 (1949)**, shows her possession is enough. Also see **O.R.C., §2933.26** and **O.R.C. § 2981.14B**.

This assailed action arises in the wake of events, by which she was victimized. Our contention is that in their wake rights, which arise in her favor, in the wake of her due process rights were violated and trashed. All of which arose in spite of the due process she was entitled to. This by virtue of rights she was entitled to, pursuant to the Constitution of the State of Ohio, the laws of the State; as well as, the due process she was entitled to. Indeed, as augmented by the Fourth, the Fifth, the Sixth and the fourteenth Amendments of the USW Constitution – all of which were violated by the Defendants. Granted, we contend, not only, that the items taken from her (that she was in possession of) should be returned, we also contend the sum we are dealing with falls clearly within **the ambit** of **O.R.C. of Ohio, §2981.14(B)**, which provides a prohibition against any State agency transferring less than $100,000.00 to the DEA.

The Parties to this Lawsuit or those named above as being Defendants. Indeed, the facts will show the receipt she was given, in the wake of those events, categorically states the money was seized by the Akron police. We deem that event being categorical here.

Thus, all the facts here needed to aptly posture this case, for the Court and jury, distill from the Plaintiff's Affidavit (attached hereto). Indeed, from whatever is said as a response to the facts, in our version of the truth, if contrary would be a lie. And, we say hers (the Plaintiff's Affidavit) is, not only, valid it is also insuperable. Indeed, so postured, Counsel (who is also saying that) challenges anyone who says these monies were originally **seized** from her by the Federal

2

*Tavia Galonski, Summit County Clerk of Courts*

Government is lying. And, that for sure is, an accusation. And, if said, under oath, would be an offense.

Also, we are saying, with equal vigor: we were improperly dealt with by **not only** these officers, but the Local Court, as well. For the culprits here had to know they cannot have it **both** ways. Yet, a receipt is out there that says this money was **originally** seized by the DEA. We say that is a lie. And, so well the proof. For sure, if the DEA seized the property, there would be no need to **adopt** it.

So postured, let's be clear. We have said one of them has to be **lying**. And, having said that, it follows the choice for the State is, simply put. They have to "shit or get off the pot". Indeed, so postured: as they say in Chess, it's the Defendants' move. And, they have to, either, call her **a liar** or show the Federal Government's involvement in these atrocities never occurred – **i.e.**, that they seized this money illegally or that they were blameless. So postured, before we learn how it is possible to talk out of both sides of our moths at the same time **from them**, as well. Let's be clear. The picture we are painting here is real. In fact, it is and was surreal that the Government's Rule is and was bazaar.

In dealing with our accusations, do understand: arguably crimes were committed here by the parties involved in these unwarranted events. We call it a charade. It was indulged in by these maunderers who committed atrocious acts. And, as to that, we agree with Voltaire that: "as long as people [like those involved here] believe in absurdities they will continue to commit atrocities". At least that is the way **Voltaire** put it. For sure: that makes sense. Indeed, because the City police here, and the Government Agents cannot both be telling the truth. Indeed, when they say (as they did) they took this money from the car; hence, the other party must be lying.

3

Also, let's be very clear here, as well. In dealing with all these issues, we are indeed fully convinced this Court does understand the significance of **R.C. of Ohio, §2982.03(2) & (4)**; as well as, **§2981.03(A)(4)** plays in all of this. And, this tenet, as well, supports the realities here. It shows that once the City capitulated in its quest to illegally confiscate the monies taken from the Appellant, as they did, what is real here it could not be any clearer. They also realized that there was no way they could validate the egregious conduct of these officers. Hence, they threw themselves in the mercy of fate. And the consequence here is that they vanquished the Plaintiff's hopes for another ordinary day.

This they did (*ie*, The Defendants all of whom are conspirators (-- in our judgment) and because that is so, our prayers for relief are clear, Thus, Plaintiffs refuse it for judgment should be vindicated.

So, let's be very clear here. Our efforts here centralize our quest for judgements against these Defendants for (a) compensatory damages for past and future pain and suffering, and for past and future pain and suffering **and** past and future humiliation, emotional and embarrassment. And, for (b) attorney fees and cost pursuant to the law a=in such cases as these made and provided.

We also seek attorney fees and cost, as well as, a trial by jury on all the issues so triable. In effect we see justice for all of us.

## FIRST CAUSE OF ACTION

(A)     Plaintiff is a citizen under the laws of the State of Ohio. The Defendants are the City of Akron, the Akron Police Department, Brian Harding Chief of Police, the Magistrate Judge, -- and other Unknown Law Enforcement Officers – all of whom are likewise culpable.

(B)     That on **April 6, 2025**,[1] Plaintiff was indisputably arrested for an **alleged** traffic offense. Indeed, she was arrested (indeed illegally) without probable case. She was thus searched along with her vehicle. And, a certain item of personal property was seized. This was done

---

[1] The effective dates here occurred when the Court dismissed our Motions that sought the return of this money, this reality is amplified by the Court's dismissal of the case that had emerged in the wake of her arrest.

4

despite the lack of probable cause to do so. Whether the stop made here were lawful, the seizure of this money, other than for safekeeping, cannot be defended in law, logic or commonsense.

(C)     That more simply put. The original stop, and for sure the actions taken by various officers toward the Plaintiff, both (before and after she was removed from the vehicle) were indefensible. This inexorably follows since no probable cause existed to do any of **these things.** Further, that even if the police had probable cause to arrest, once the Plaintiff was ordered from the vehicle, she was indeed egregiously shackled. Given, the law is clear, absent any resistance or belligerency the use of force and other abusive tactics and restraints likewise cannot be defended – because it was also **impertinent.**

(D)     That at this time and thereafter, the Defendants, who were all believed to be associated with, or members of the Akron Police Department (at least they were so identified). So postured, and while still acting illegally (on their own authority) and unconstitutionally: they seized monies from the Plaintiff. And they otherwise proceeded to deal with it (and her) in violation of rights guaranteed the Plaintiff by the *Federal* Constitution - - if not also the State Constitution.

(E)     And, also given **R.C. of Ohio, § 2981.05**, it could not be any clearer that this Plaintiff falls within the ambit of those people aptly identified in **R.C. of Ohio, § 2981.05**. It reads that: … "For purposes of this section, there is a rebuttable presumption that the person in possession of the property at the time of its seizure is considered to be the owner of the property unless legal title to the property states otherwise". And, so it seems clearly to be the fact that the **onus**, indeed the burden of responsibility, on this issue rests other than on the Plaintiff.

(F)     That clearly, there is (or was) nothing in the circumstances of the stop, the arrest, the searches and seizures (referred to herein) that shows a *nexus* between the seized currency and any criminal act; or that shows the currency was contraband or the fruit of any supposed illegal activity.

(G)     That given the Law pursuant to the extent due process extends, provides: "[p]roperty seized under a warrant shall be kept for use as evidence by the court which issued the warrant or by the law enforcement agency which executed the warrant," or facilitates any other type of acquisition, disposition or bailment of the property, is illegal. It only makes sense that where (as here) the police act without a warrant the same or similar procedures should apply. For its ambit also states (by comparison) that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return ... [and] the court must return the property to the movant. . . ," under well-defined circumstances.)

(H)     That this Plaintiff will surely not initiate any contact with the Defendants with reference to the returning of this personal property (taken from her) and they (we suppose) likewise **will** fail or refuse to return any of the said property. So postured, then it follows based on

5

information and belief, this refusal is for reasons that are not only indefensible, but also malicious.

(I)     That the value of the property seized from the Plaintiff is very substantial and should be ordered returned **forthwith**.

(J)     That here we only seek to be compensated for the wrongs visited on me in the wake of conduct that violated, not only, my reputation, my sanity and my reputation.

(K)     That Defendants have wrongfully and **unconstitutionally** confined and detained, as was the aforesaid property. This in a manner which demonstrates the retention is (and was) willful and malicious. And, in so doing they should also be subject to punitive damages in an amount to be determined by the Court, of at least One Million Dollars ($1,000,000.00) in US Currency.

(L)     That given there was no probable cause basis for the seizure of these monies, and the other egregious acts of the police here, all of which were egregious. The fact that none of them can be defended only amplifies the egregiousness of the conduct of these poorly trained officers.

(M)     That likewise given no basis existed here as a predicate crime basis, indeed as an offense committed. And properly deemed a traffic offense, indeed as the basis for the traffic offense (or offenses) denominated as having occurred here; hence, it follows they (or it) was continued.

(N)     That the Record here can be made to show that the criminal case, on the basis of which the Plaintiff was arrested, which is a charged offense, was summarily dismissed July 17, 2025.

(O)     That in the wake, it seems that her reputation has been mutilated, as has been her hopes to have lived out her life while maintaining the reputation she had always enjoyed until it was destroyed by the defense - - who should be made to pay.

Clearly then it is our belief that Plaintiff was egregiously victimized at the hands of the Defendants. Indeed, and for sure, the facts here will further show that (given the extremely negative attitude registered by the Magistrate) he was less than fair. This is so despite he was shown counsel and his secretary were in the throes of medical emergencies. And she was in the throes of a death watch and two burials. For sure, these played havoc with her. And various (other) segments of Counsel's practice were also adversely affected. This proof is immutable. Indeed, it includes our Court's refusals to grant extensions and his summary response to certain oi our Motions, which he

6

denied without even waiting for a response from the Prosecutor. Indeed, in the wake of these showings we contend he was being influenced by the opposition's forces.

Granted the charges against him are serious. And, we intended them to be. Our reason being, they were warranted. For some of the moves he made herein are inexplainable – as this Court will agree.

Also, this Court should show it understood **O.R.C. of Ohio, §2981.14 (B).**

Well given that reality, which clearly cannot be defended, not only shows these officers were not merely on frolics of their own, they were on a mission. Indeed, this was clearly more of a move than a simple mission. It was an all-out effort to inflict other cruel and unusual punishment, which is unacceptable in the real world – the one we (those of us who do not live in Akron) enjoy.

Clearly, then if what these officers did here is deemed acceptable, we believe something is wrong with that picture – in our judgement. Well despite that reality, one thing at least is clear here. We still believe, as we also believe as does this Court, that he who would make their own liberty secure, must protect even those targeted by the Akron police. For if they violate that trust, they could establish a precedent here, which would and surely could reach unto other motorists in this city.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, LaFawn Anthony requests Judgement against the Defendants for:

a. Compensatory damages for the past and future pain and suffering, and past and future humiliation, emotional and embarrassment,

b. Attorney's fees and costs pursuant to her entitlement,

c. Trial by jury on all issues triable,

7

d. Such other relief as the Court may deem just, proper and equitable.

## SECOND CAUSE OF ACTION

Plaintiff hereby incorporates paragraphs 1-12 as if the same were fully set out herein. This is being done because it amplifies these further facts. Also, and indeed, because it was in the wake of these facts (alleged above), which we incorporate by reference **and** further rely on to show **and** to amplify, the facts here. And, to show that in the wake of the stop (being assailed) as a very minimum, the traffic offense of the Plaintiff was flawed. Indeed, at all times these officers continued their outrageous rampage, which was totally unwarranted.

Thus, these officers were indeed, and for sure, acting on their own authority. And in violation of the law in such cases as this made and provided. For their use of the handcuffs, ostensibly for their protection is and was unwarranted. Still, it proves these officers were out of control. For their use of restraints cannot be justified. Also, their proof will show this to be so. And, in addition it is also clear they were mean spirited.

While these further searches made (of the vehicle itself) and other realities are amplified by the damage and other realities, were amplified other facts show they were indeed out of control. What also shows this is these further contentions. Simply put:

a) That given the absolute and total capitulation of these officers, indeed mostly all of the officers involved in **the arrest** and **maltreatment** of the Plaintiff and of her passenger. Do understand the effect is and was: their action resulted in the victims being further humbled and embarrassed; as well as, being humiliated. Thus, the Plaintiffs herein do contend, not only, was she illegally arrested and tortured, they were also, humiliated and degraded. Indeed, so much so, that we contend they were further damaged in ways that arguably are still unknown, but is possible.

b) Also, do understand: We are also contending that given **Long v. State, 2012 WL 6061752, Harris v. Mayfield Hts., 2011 WL 1584579** and **Black v. City of Cleveland, 58 Ohio App.2d 29 (1978)**; as well as **Jenkins v. City of Cleveland, 2019 WL 520037,** magnify the lack of proof of a valid adoption here is fatal to the State's contention. Indeed, without a doubt, it really is dispositive here. For they show the lack of proof of a valid adoption, which never occurred here is fatal to the State's case.

8

*Tavia Galonski, Summit County Clerk of Courts*

Indeed, and for sure, these precise facts also show that, as so postured: the following additional contentions magnify. Indeed, it is in the wake of these possibilities, that these consequential realities are all in our favor. Thus, it is only fair that these, arguably, savages should be further assessed for these atrocities, as well. For what emerges from the facts here (as real) show that while the case itself lodged against the Defendant (LaFawn Anthony) was summarily dismissed (by the Magistrate). This happened, even before, the Magistrate had acted on his own authority. Indeed, for unstated reasons, we believe he was conferring behind our backs with unknown sources.

Hence, we wonder what did impel him to act arbitrarily as he did - -that is, the Magistrate. Indeed, before his rank dismissal of the case, which was irrationally done, do understand what caused him to act like that is not stated on the Record. Still, the case itself obviously had been discussed by the Magistrate - - we say illegally and unethically. For the facts show he abruptly denied our Motion, after refusing us the right to respond to it. Clearly, he was being impelled to act irrationally. And, it is likewise clear he had been asked, or told to do that. In any event, the facts show that our "Motion to Suppress" was in effect denied by this meddler (so to speak). We say his move was illegal. For sure, our accusations must be reckoned with. This follows because we are contending it was illegal for him to Rule summarily in that fashion – yet he did. And, when doing so, it is clear he denied us due process.

Indeed, it is clear he acted on the basis of powers he lacked. For sure: not even a judge can act summarily on his own authority. Yet, this judge refused to articulate a basis for his Rulings – all of which were a result of his beliefs – it was the right thing for him to do – unilaterally (of course, his responses will be apt).

Further, and also, it is being said by the Plaintiff, by and through the undersigned Counsel, who hereby moves this Honorable Court for an Order directing the City of Akron to return to her

9

the monies. And, to likewise any other related personal property seized from her on **April 6, 2025**

-- indeed by officers of the Akron Police Department. This should be done for the reasons more fully set forth in the **contentions** made above – that is, the Complaint in Replevin (filed simultaneously with this action **and** incorporated herein). The reasons that is so is augmented those (other) arguments made herein. And, these include the fact they were acting solely on their own authority – which was non-existent.

Here, too, we again emphasize the traffic ticket, indeed issued to this victim was, so far as we understand, for what was said to be the charged routine traffic offense. Further, it is also being said (by us) all this makes for crucial issues. Indeed, as to why none of these officers should not have known all that force (they exhibited) was for sure not needed. So postured, we further contend this overkill force, which was relied on, to be sure perforce magnified the intensity of the effort made to **intimidate** the Plaintiff. To be sure, our belief is it was present here as a purposeful ploy. For they knew they were not arresting one of their own, **e.g.,** Whitey Bulger or Danny Greene.

In essence, we have here contended that our proof will show that in addition to being illegally detained and otherwise violated, she also suffered other damages. This included physical inconvenience, physical discomfort, loss of time, mental suffering, embarrassment, humiliation, disgrace and injury to reputation. The heightened emotional aspects of a person put in these situations, which are contrary to the normal, in this day is most likely to continue into the future. And, indeed all of this happened because it was done in bad faith and with an intent to enrich the reputation of those involved at the Plaintiff's expense – which included her reputation and peace of mind.

**Therefore**, indeed these Defendants should (for sure) be made to pay her. This for the assailable torment she endured **and** arguably may endure in the future. Indeed, given that is so, we

10

further want the record to also show we further contend these Defendants all acted in bad faith - - especially the Magistrate. Indeed, for some of the things he did, he was (in our judgement) *influenced* to do. And, if that is so, he also can be assailed for being dishonest – a cardinal sin.

And because that is so, we believe our quest for damages here should be aggravated by the obvious fact he was being influenced to deny our quest for more time to respond to an issue, which he summarily denied (despite the lack of any opposition by Counsel-Opposite). Indeed, what exposes the apparent gruel, the cunning intelligence on the basis of which his moves were being made, it inexorably follows his gruel i.e., the Magistrate's will expose itself (in the wake of the response to our accusations) not to have been baseless. Granted, of course, we have been wrong before. And, if we are wrong here, then so be it.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, LaFawn Anthony requests Judgement against the Defendants for:

a. Compensatory damages for the past and future pain and suffering, and past and future humiliation, emotional and embarrassment,

b. Attorney's fees and costs pursuant to her entitlement,

c. Trial by jury on all issues triable,

d. Such other relief as the Court may deem just, proper and equitable.

## THIRD CAUSE OF ACTION

So postured, by the mindsets, which background all of the contentions made herein, especially those related above, which augment those here segregated. This (is being done) because the Order, made by this astute Magistrate, which is being incorporated by reference. Indeed, because it truly augments (for some of us – at least) a fact that is insurmountable. Simply put,

11

given the State of Ohio had to understand, as we do, if the crime basis for the arrest was **the** traffic offense designated.

Of course, his identity will be revealed. This follows because there has to be this reality. And, it shows she was egregiously shackled and transported. To be sure, some of us know whoever was directly responsible for that happening is a culprit. To be sure, even this is not all. See **Rule 12 (C)(3), Ohio Rules of Criminal Procedure**. This showing makes the express point, relevant here, that a person aggrieved (as we contend is the case with this Plaintiff) by the deprivation of their property may move for the property's return, as was done here. This to satisfy the effects which are augmented by the facts here. For they show this money was indeed in her possession - - it was in her car. And, second, the Plaintiff shows that indeed the State acquired possession of the property from her car. See **O.R.C., §1981.03 et al.**, makes the same point. Also see *Demetrius Harris v. City of Mayfield Heights*, **2011 WL 1584579 (Ohio Ct. App. Apr. 21, 2011)**.

## II

What makes all this most clear here is that the money with which we are here concerned to be sure, was absolutely seized by the named defendants. Their claim that they had the right to take it, in the name of the State, perforce meant they were acting as police officers, indeed they were perforce empowered to so act. Thus, it follows it could only be said they were so acting at all times. See **Revised Code of Ohio, §§2935.24, 2935.25, 2935.26 & 2935.27**. Also, see **Black v. City of Cleveland, 58 Ohio App. 2d. 29 (1978)**.

With all this being indisputably so, indeed, inexorably so, indeed from the above showing with these monies having been seized in the name of the State, especially since it was not incident to any arrest (lawful or otherwise), and was not seized because it was connoted, as or evidence needed to any felonious conduct, it follows its seizure simply cannot survive meaningful scrutiny.

12

In addition to the above showing, also relevant here, is the fact that this property was seized from the Plaintiff, she was given a receipt that described the monies as a precise amount of currency. Also, the law is clear (**Revised Code of Ohio, §737.11**). Indeed, and for sure, while these officers are, and were, empowered to enforce the Criminal laws of the State of Ohio, and the U.S. Government, they were not empowered thereby to enforce the forfeiture laws of the United States. (*Ibid.*) On the other hand, they were expressly required to follow, as expressly put by the Ohio Legislature, "all Court orders ....".

Indeed, with this being so, it follows, given the Petitioner was transported to a lockup facility elsewhere in the city – for clearly unorthodox reasons, it follows their doing so cannot be defended. For sure this move cannot be defended. Indeed, in law, logic or even commonsense.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, LaFawn Anthony requests Judgement against the Defendants for:

a. Compensatory damages for the past and future pain and suffering, and past and future humiliation, emotional and embarrassment,

b. Attorney's fees and costs pursuant to her entitlement,

c. Trial by jury on all issues triable,

d. Such other relief as the Court may deem just, proper and equitable.

## FOURTH CAUSE OF ACTION

Given the fact of the absence here of any crime to serve as a predicate basis for Government to rely on as a legitimate basis to torment the victims, who were arrested (and otherwise) victimized, it inexorably follows this victim (of their torment) is entitled, not only, to be reasonably compensated, but she is also, entitled to her attorney fees, which were considerable.

13

So postured, this reality is aptly designated as her fourth cause of action. And, while the reality here being referred to is significant, let's not forget, the facts here can be made to show which was developed no contradiction of any sort was fact. Indeed, not even a smell that could arguably be related to alcohol, drugs or thing that smells were reported – and the facts show these officers had a dog there.

Our point here is also compelling. For it shows our Plaintiff is the person who had possession of the car and its contents centralized in this Litigation. And, it is a fact it cannot be connected to any the suspicions these **dolts** had – indeed as their testimony, if they have a defense, will show. Having said all that, which was said above, let's also be clear, we consider all of those assembled to be culprits. And, we are unafraid to make accusations. And, while we recognize that we are indeed being forcibly, because we need to be. It is also a fact we fully recognize that these police, the real culprits here, acted on their own authority when they arrested the Plaintiff at gunpoint and abused her. But here they lacked probable cause to do any of the things they did. And, if so, they have to pay.

It's really that simple. And, in doing so, let's be very clear. All those officers that deliberately pointed their guns at the Plaintiff here (to enforce their will) can tell the jury they had probable cause to do so. But they will know people, like this Magistrate and the Lee Lucas (of the world) will not be on the Jury. Counsel will see to it that does not happen here. In any event, this case will show the type of rankness certain Courts see nothing wrong with the way some police arrogate unto themselves rank power, indeed as was done here with this Magistrate's approval. Indeed, he made his findings despite the lack of any proof.

Also, it should be noted he approved the conduct of these officers. Now we will learn if his conduct can be approved.

14

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, LaFawn Anthony requests Judgement against the Defendants

for:

a. Compensatory damages for the past and future pain and suffering, and past and future humiliation, emotional and embarrassment,

b. Attorney's fees and costs pursuant to her entitlement,

c. Trial by jury on all issues triable,

d. Such other relief as the Court may deem just, proper and equitable.

**WHEREFORE,** Plaintiff prays for a judgment ordering Defendants to *forthwith* return to her the property listed in the First Cause of Action. On the Second Cause of Action that was illegally seized from her, the Plaintiff also prays for damages in the amount of the maximum amount requested or allowed. Indeed, having said that Judgment should be rendered against the Defendants severally and jointly. This in their respective capacities. Further, the Plaintiff also prays for a judgment awarding her reasonable attorney's fees in an amount to be determined by the Court and, we also seek such other and further relief as is warranted – in the wake of the conduct of these alleged to be culprit.

Respectfully submitted,

/s/ James R. Willis, Esq.
**JAMES R. WILLIS, ESQ. (0032463)**
75 Erieveiw Plaza, Suite #108
Cleveland, OH 44114
Tel: (216) 523-1100
Fax: (216) 575-7664
jrwillis-barrister@sbcglobal.net
*Attorney for Lafawn Anthony*

15

Indeed, we firmly believe these officers were out of order and so was this Magistrate. For it could not be any clearer he was being manipulated. His responses will show that – as well as his witnesses.

So postured, given it is clear, the State (and the city) cannot have it both ways. For sure if only one thing is clear here, it cannot be that the DEA, both, seized this money and they also **adopted** it. Both cannot be true.

Respectfully submitted,

/s/ James R. Willis, Esq.
**JAMES R. WILLIS, ESQ. (0032463)**
*Attorney for Lafawn Anthony*

17

| STATE OF OHIO | } | |
|---|---|---|
| | } ss: | **AFFIDAVIT** |
| **COUNTY OF SUMMIT** | } | |

The affiant, Lafawn Anthony, being duly sworn, according to law, deposes and states the

following:

1. That I am lawfully entitled to possession, and indeed I was in actual possession, of any and all monies (in cash) seized from me on or about April 6, 2025. This was by members of the Akron Police Department. And, it was so receipted.

2. That while I was ultimately released (after being confined in cuffs for hours). Still, I was only cited by these officers for a violation of a local (State) law. No charges related to the money – which they kept. Also, other personal items were taken from me was ostensibly "as evidence." Still, I was illegally incarcerated and transported -- around. And, the cuffs only came off as I was being released.

3. That I have no knowledge as to the location of this money. And, I do know it was recited to me by an Akron policeman. the other hand, I have the belief that these officers have failed to even, within the spirit of **Rule 41(D)** of the **Ohio Rules of Criminal Procedure,** concerning the disposition of property seized on the authority of a search issued by an Ohio Court even preserved these monies subject to the Order of a Court of this State.

4. that likewise I have no knowledge of any use to which these officers have put my property, and I have been unable to determine what is that has caused the defendants to believe they could impound, confiscate and otherwise deal with my funds without regard to the will of the Ohio Legislature as expressed in **R.C. of Ohio, §2981.01, et seq.**, and without regard to my Civil Rights and to other due process concerns.

5. That I will be damaged in the amount exceeding at least $100,000.00 if these officers are allowed to continue to retain my property (indeed on their own authority) and thus deprive me of its use.

6. That my property was **originally** detained, to the best of my knowledge, at the headquarters of the Akron Police Department as the Department's Rule should require; however, there is reason to believe the Defendants conspired with Federal Agents to have them seek the forfeiture of these monies in Federal Court – although, given the sum involved is less than $100,000.00 and the fact will show there was Federal participation in the seizure.

7. That the above-mentioned property was not taken for a tax assessment, or fine pursuant to statute, or seized under execution of judgment against my property; hence the retention of this money we contend is based on financial incentive-based reasons.

8. That given the fact that the monies here involved that were seized, indeed exclusively by Akron Police (whose identified themselves). And because that is so, the law is clear. Indeed, it is clear and precise that "Federal Standards," are applicable here. So, let's be clear. At no time did anyone tell me they were not there as an Akron police officer involved in my arrest. So postured, if there is only one thing that is clear here, it would be that if the police lacked the right to arrest people on the basis of even a reasonable articulable suspicion, and the like, or on less then probable cause to arrest (as was done here). It inexorably follows what was done here to me cannot be defended in law, logic or commonsense.

**FURTHER AFFIANT SAYETH NAUGHT.**

LAFAWN ANTHONY

Subscribed and sworn to before me this 6 day of October 2025.

NOTARY PUBLIC

(My commission has no expiration date).

MYRON P. WATSON
ATTORNEY AT LAW
NOTARY PUBLIC
STATE OF OHIO
My Comm. Has No
Expiration Date
Section 147.03 R. C.
Recorded in
Cuyahoga County

**IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO**

CASE NUMBER:    CV-2025-10-4863

LAFAWN ANTHONY
414 Turner Drive
Akron, OH, 44301

-VS-                                                                                      **SUMMONS**

CITY OF AKRON
172 S BROADWAY ST
STE 200
Akron,   OH   44308

**TO the following:**

AKRON POLICE DEPARTMENT
217 S. High Street
Akron, OH   44308

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common
Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto.   The name and address of the Plaintiff's attorney is:

JAMES R. WILLIS
75 Erieview Plaza
Suite #108
Cleveland, OH   44114

**You are hereby summoned and required to serve upon the attorney listed above, or upon the
party if they have no attorney of record, a copy of an answer to the COMPLAINT within
twenty-eight (28) days after service of this summon on you, exclusive of the day of service.   Your
answer must be filed with the Court within three days after the service of a copy of the answer on
the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in
the COMPLAINT.**

Tavia Galonski
Summit County Clerk of Courts

October 9, 2025

## IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

CASE NUMBER:   CV-2025-10-4863

LAFAWN ANTHONY
414 Turner Drive
Akron, OH, 44301

-VS-                                                               **SUMMONS**

CITY OF AKRON
172 S BROADWAY ST
STE 200
Akron,   OH   44308

**TO the following:**

BRIAN HARDING
217 S. HIGH ST.
AKRON, OH   44308

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto.   The name and address of the Plaintiff's attorney is:

JAMES R. WILLIS
75 Erieview Plaza
Suite #108
Cleveland, OH   44114

**You are hereby summoned and required to serve upon the attorney listed above, or upon the party if they have no attorney of record, a copy of an answer to the COMPLAINT within twenty-eight (28) days after service of this summon on you, exclusive of the day of service.   Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in the COMPLAINT.**

Tavia Galonski
Summit County Clerk of Courts

October 9, 2025

## IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

CASE NUMBER:   CV-2025-10-4863

LAFAWN ANTHONY
414 Turner Drive
Akron, OH, 44301

-VS-                                                              **SUMMONS**

CITY OF AKRON
172 S BROADWAY ST
STE 200
Akron,   OH   44308

**TO the following:**

CITY OF AKRON
172 S BROADWAY ST
STE 200
Akron, OH   44308

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common
Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto.   The name and address of the Plaintiff's attorney is:

JAMES R. WILLIS
75 Erieview Plaza
Suite #108
Cleveland, OH   44114

**You are hereby summoned and required to serve upon the attorney listed above, or upon the
party if they have no attorney of record, a copy of an answer to the COMPLAINT within
twenty-eight (28) days after service of this summon on you, exclusive of the day of service.   Your
answer must be filed with the Court within three days after the service of a copy of the answer on
the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in
the COMPLAINT.**

Tavia Galonski
Summit County Clerk of Courts

October 9, 2025

**IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO**

CASE NUMBER:    CV-2025-10-4863

LAFAWN ANTHONY
414 Turner Drive
Akron, OH, 44301

-VS-                                                                                    **SUMMONS**

CITY OF AKRON
172 S BROADWAY ST
STE 200
Akron,   OH   44308

**TO the following:**

MAG. JOSEPH MATTICA
172 S. BROADWAY ST.
AKRON , OH   44308

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common
Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto.   The name and address of the Plaintiff's attorney is:

JAMES R. WILLIS
75 Erieview Plaza
Suite #108
Cleveland, OH   44114

**You are hereby summoned and required to serve upon the attorney listed above, or upon the
party if they have no attorney of record, a copy of an answer to the COMPLAINT within
twenty-eight (28) days after service of this summon on you, exclusive of the day of service.   Your
answer must be filed with the Court within three days after the service of a copy of the answer on
the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in
the COMPLAINT.**

Tavia Galonski
Summit County Clerk of Courts

October 9, 2025